# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DESMOND MARVE GLENN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | No. 5:17-cv-00275-CAR-MSH |
| **Chief BLUE,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Desmond Marve Glenn, an inmate confined at the Coastal State Prison in Garden City, Georgia, filed the above-captioned case seeking monetary damages.[1] Compl., ECF No. 1. Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff was previously granted leave to proceed *in forma pauperis* and was ordered to pay an initial partial filing fee. Order, Sept. 6, 2017, ECF No. 7. Plaintiff has now paid the initial partial filing fee, and thus, his Complaint is ripe for review.

---

[1] In addition to monetary damages, Plaintiff asks for reconsideration of the proceedings in his criminal case. Compl. 7, ECF No. 1. To the extent that Plaintiff seeks to challenge his criminal conviction, he must file a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

After due consideration, the Court finds that Plaintiff's complaint fails to state a non-frivolous claim for relief. The complaint is thus **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915A(b).

I. **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). Pursuant to this provision, Plaintiff moved for leave to proceed without prepayment of the $350.00 filing fee, and his motion was granted. Order, Sept. 6, 2017. At that same time, Plaintiff was directed to pay an initial partial filing fee of $38.63, *see id.*, which he has now paid. Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

Because Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty

2

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. <u>Plaintiff's Obligations Upon Release</u>

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to continue making monthly payments to the **CLERK** toward the balance due until said amount has been paid in full. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so.

**II.     Authority & Standard for Preliminary Screening**

The Court is now obligated to conduct a preliminary review of Plaintiff's complaint. See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleading are also "held to a less stringent standard that pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### III. <u>Plaintiff's Complaint</u>

In his Complaint, Plaintiff asserts that property was seized from his mother's home during an illegal search. Compl. 5, ECF No. 1. Plaintiff was then criminally charged based on the illegally seized property. *Id.* Ultimately, Plaintiff pled guilty to certain charges on the advice of his court appointed counsel. *Id.* at 6.

It is well settled that a prisoner cannot challenge the correctness of his confinement under 42 U.S.C. § 1983. Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Moreover, a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. *Id.* at 487. Thus, if such an action is brought prior to invalidation of the conviction or sentence challenged, it must be dismissed as premature. *Id.* at 487-89.

In this case, Plaintiff alleges that his conviction is unconstitutional because it was based on an illegal search and seizure of property. Compl. 5-6, ECF No. 1. Plaintiff's factual allegations in no way suggest, however, that his conviction has been declared unlawful by a state court, executive order, state tribunal, or writ of habeas corpus. *See id.* Thus, Plaintiff's claims are premature under *Heck*. Moreover, to the extent that Plaintiff asserts that his mother's right to privacy was violated, Plaintiff lacks standing to assert a Fourth Amendment claim on his mother's behalf. *See Alderman v. United States*, 394

U.S. 165, 174 (1969) (explaining that "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted").

Accordingly, the Court finds that Plaintiff's claims have no arguable merit, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 24th day of October, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
